JOE E. DRYER v. JAMES KISTLER and Others.[1]

June 7, 1912.

Nos. 17,545—(114).

**Findings sustained by evidence.**

In this action to recover on a bond conditioned on defendant conveying within six months a right of way adjacent to land sold by defendant to plaintiff, it is *held* the evidence justified the findings to the effect that at the

[1] Reported in 136 N. W. 750.

time the bond was given there was a right of way by prescription appurtenant to the land sold.

**Liquidated damages.**

The sum of $1,000 stipulated to be paid as liquidated damages for a breach of the bond treated as a penalty; the actual damages, if more than nominal, being readily ascertainable by the application of well-known rules of law, and said sum being greatly in excess of actual damages.

Action in the district court for Hennepin county to recover $1,100 upon a bond. The condition of the bond is quoted in the opinion. The substance of the answer is found in the opinion. The reply was a denial of new matter in the answer. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*S. R. Child* and *Benjamin Drake,* for appellant.

*Mead & Bryngelson,* for respondents.

BUNN, J.

This action was brought by plaintiff to recover $1,000 and $100 attorney's fees upon a bond given August 29, 1907, by James Kistler, as principal, and J. M. Kistler and Charles M. Kistler, as sureties. The condition of the bond was as follows:

"The condition of this obligation is such that, whereas said James Kistler has sold and agreed to convey to said Dryer the east $49\frac{1}{2}$ feet of the front and north 100 feet of the west half (W $\frac{1}{2}$) of Block A, Freitag's addition to Minneapolis, in Hennepin county, Minnesota, and has agreed to convey and procure to be conveyed to said Dryer a right of way appurtenant to said premises over the west $7\frac{1}{2}$ feet of the north 85 feet of the east half of said Block A, said right of way being from the premises conveyed to said Dryer as above to Sixth Avenue North. A diagram is hereto attached for a more particular description: Now, therefore, if said James Kistler shall cause to be conveyed to said Dryer said right of way as above set forth, within six months from date hereof, then this obligation shall be void; otherwise, in full force and effect, and the said sum of one

118 M.—8.

thousand (1,000) dollars shall be paid to said Dryer as liquidated damages for the failure to convey said right of way.

"If action has to be brought to recover said sum of $1,000, said James Kistler shall pay an attorney's fee of $100; but no action shall be brought to recover said sum of $1,000 until one month after the expiration of said six months."

The complaint alleged that, as a consideration for the making and delivery of the bond, plaintiff paid to James Kistler the sum of $4,750 for the premises named in the bond and for said right of way, and that James Kistler had not conveyed or caused to be conveyed to plaintiff the right of way described. The answer admitted the execution and delivery of the bond, and that the right of way had not been conveyed to plaintiff. In substance, the defenses pleaded were: (1) That the bond was given as a further assurance for the undisturbed possession of the driveway; (2) that the owners of the granted premises had acquired a prescriptive right to the driveway, which passed as appurtenant to the land at the time the deed was given; (3) that plaintiff, by conveying the premises within the six months allowed the obligor in the bond to convey the right of way, absolved him from its conditions. The trial resulted in a decision for defendants, and plaintiff appealed from an order denying a new trial.

The following is a plat of the driveway and surrounding premises:

The tract marked "James Kistler 1886" fronted on Lyndale Avenue North, and was owned by Kistler after 1886. In 1900 he purchased the tract marked "Kistler 1900." The premises conveyed to plaintiff in 1907 were northerly 100 feet of this strip, marked "Dryer 1907" on the plat. At the time Kistler acquired title in 1900, there was a house on the westerly part of this piece,

and he moved another house onto the easterly part, so that the two houses completely covered the front of the 49½-foot piece. Dryer refused to buy the premises unless he could get a right of way over the 7½-foot strip marked "Driveway" on the plat. Kistler claimed to have a right of way over this driveway as appurtenant to his Lyndale avenue lot, and seems to have considered that he could convey this to Dryer, if he could find papers that established his right. Finally the bond was given and the sale consummated.

It is apparent that, strictly speaking, the bond was broken. Kistler never conveyed the right of way. But the evidence, in our opinion, justified the trial court in finding that this 7½-foot driveway had been used as an alley for more than twenty years at the time the bond was given, not only by Kistler, but by the former owners of the Dryer place and the public. As against the owner of the fee, Progreba, an easement had been acquired by prescription. We have examined the evidence, which is practically undisputed, and conclude that it justified the trial court in holding that the right to use this strip as a passageway, or driveway, existed and was appurtenant to the land conveyed by the deed from Kistler to Dryer.

We have, then, a case where a bond provides for the payment of $1,000 as "liquidated damages" for a breach, and the evidence shows that the breach could cause but nominal damages. The obligee already had the very right of way that the obligor agreed to convey to him. True, this right rested wholly upon prescription, and was not evidenced by a deed; but it did not differ in character or extent from the right a conveyance would have given. Had Kistler obtained a right of way from the record owner and conveyed it to Dryer, it would not have been an exclusive right, and the only benefit to Dryer would be the record evidence he would thus obtain. This would have been an advantage, should he ever be obliged to assert or defend the right in court; but it would add no right to use the driveway that Dryer did not already have. It seems to us that under these circumstances the sum of $1,000 mentioned in the bond as "liquidated damages" must be treated as a penalty.

Plaintiff's damages by reason of his want of a record title to the right of way could be readily ascertained by the application of ap-

propriate rules of law, if, indeed, from the nature of the case, such damages could be more than nominal. The sum of $1,000 is grossly in excess of the actual loss that the obligee could suffer. These considerations justify the conclusions that the parties, notwithstanding their language, could not have had in contemplation that $1,000 was actual compensatory damages, but in reality provided said sum as a penalty for the failure to perform the condition of the bond. We hold, therefore, that plaintiff was not entitled to recover this penalty. There was no proof of actual damage. The evidence showed that neither plaintiff nor his grantee had been disturbed in their use of the driveway, nor was there any threat to attempt to interfere with such use. The decision that plaintiff was entitled to recover nothing was therefore justified.

Plaintiff urges that the answer was insufficient as a pleading that plaintiff had a right by prescription. We do not sustain this contention. Defendants are not attempting to plead a title in themselves by prescription, but only facts that would state a defense to the action on the bond. We hold that the pleading was sufficient for this purpose.

It is unnecessary to consider the effect of plaintiff's conveyance to his father.

Order affirmed.